## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **BRIAN KEITH BUCKERY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 1:15-15736** |
| | ) |
| **B.J. JOHNSON, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application to Proceed Without Prepayment of Fees and Costs and his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody filed on December 2, 2015.[1] (Document Nos. 1 – 3.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACT AND PROCEDURE

**A.      Criminal Action No. 1:08-cr-00032:**

On October 14, 2008, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of Possession with Intent to Distribute 5 grams or more of Cocaine Base (Count One) in violation of 21 U.S.C. § 841(a)(1). <u>United States v. Buckery</u>, Case No. 1:08-cr-00032 (W.D.Va. Feb. 2, 2009), Document No. 24. On January 26, 2009, the District Court sentenced Petitioner to a 240-month term of imprisonment to be followed by an eight-year term of supervised release. <u>Id.</u>, Document No. 30. On February 5, 2009, an Amended Judgment was entered to correct a clerical mistake but the length of Petitioner's sentence remained the same. <u>Id.</u>, Document No. 30. Petitioner did not file an appeal to the Fourth Circuit Court of Appeal.

**B.      Section 3582 Motions:**

On May 26, 2015, Petitioner filed in the Western District of Virginia his *pro se* "Motion for Modification or Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2); (Guideline Amendment No. 782)". <u>Id.</u>, Document No. 41. By Order entered on September 10, 2015, the District Court denied Petitioner a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). <u>Id.</u>, Document No. 45. Specifically, the District Court stated as follows:

> The defendant was sentenced pursuant to the career offender guidelines, and his guideline range is unaffected by Amendment 782. Although the defendant's ultimate sentence was based on a variance outside the guidelines system, his applicable guideline range is the one 'determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, App. Notes 1(A). Therefore, he is not eligible for a sentencing reduction.

<u>Id.</u> Petitioner filed his Notice of Appeal on December 29, 2015. <u>Id.</u>, Document No. 48. By Order entered on February 26, 2016, the Fourth Circuit dismissed Petitioner's appeal for failure to prosecute. <u>Id.</u>, Document Nos. 51 and 52.

2

**C.    Instant Section 2241 Motion:**

On December 2, 2015, Petitioner, acting *pro se*, filed his instant Petitions requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:15-15736, Document Nos. 2 and 3.) In his Petitions, Petitioner requests relief from his career offender enhancement under U.S.S.G. 4B1.1. (<u>Id.</u>) First, Petitioner argues that his federal defense counsel was ineffective for failing to adequately argue against the erroneous 4B1.1 career criminal enhancement under which Petitioner was sentenced." (<u>Id.</u>) Petitioner explains that his federal sentence was improperly enhanced based upon his State conviction for possession of marijuana with the intent to distribute. (<u>Id.</u>) Petitioner argues that the foregoing State conviction was invalid based on the following: (1) The police lacked probable cause to search his vehicle; and (2) Petitioner's State counsel acted ineffectively in convincing Petitioner to plead guilty to possession with the intent to distribute when Petitioner should have only been charged with simple possession. (<u>Id.</u>) Petitioner argues that counsel for his Federal case should have objected to the use of his State conviction for possession of marijuana with intent to distribute as a predicate offense for his career offender enhancement. (<u>Id.</u>) Petitioner, therefore, concludes that his drug conviction should not have been used to enhancement his sentence under U.S.S.G. 4B1.1. (<u>Id.</u>) Second, Petitioner argues that Federal defense counsel was ineffective for failing to argue for a downward variance from Petitioner's correctly calculated guideline range." (<u>Id.</u>) Finally, Petitioner argues that he is properly seeking relief under Section 2241 because "Petitioner is time barred from filing a Motion to Vacate under Section 2255." (<u>Id.</u>) Petitioner further argues that he is "actually innocent" of his sentencing enhancement. (<u>Id.</u>) As relief, Petitioner requests that this Court "vacate his sentence and remand this case for resentencing

without the erroneous 4B1.1 career criminal enhancement and with the opportunity to argue for an additional downward variance." (Id.)

**D.      Grant of Clemency:**

By "Executive Grant of Clemency" signed on November 4, 2016, United States President Barack Obama granted Petitioner's application for executive clemency and commuted his total sentence of imprisonment to a term of 151 months imprisonment, but "leaving intact and in effect the eight-years term of supervised release with all its conditions and all other components of the sentence." Buckery, Criminal Action No. 1:08-00032, Document No. 53. President Obama further directed the BOP to make the Residential Drug Abuse Program ["RDAP"] available to Petitioner and as a condition of the grant of commutation, Petitioner was required to enrolled in RDAP. Id.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite

4

different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Western District of Virginia. Specifically, Petitioner challenges his career offender enhancement under the U.S.S.G. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides

as follows:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or the laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, *may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this

District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western

District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court

should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application

should not be construed and transferred as a Section 2255 Motion because his Application

construed as a Section 2255 Motion is untimely[2] under the one year limitation period of Section

---

[2] Petitioner's Amended Judgment was entered on February 5, 2009, and his sentence became final
ten days later when he did not file a Notice of Appeal (February 15, 2009). On December 2, 2015,
nearly five years and ten months after the one-year period expired, Petitioner filed the instant
Petition raising issues challenging his sentence as imposed in Criminal No. 1:08-cr-00032.
Petitioner's Petition is therefore clearly untimely. Citing *McQuiggin*, Petitioner argues that he is
"actually innocent" of his sentencing enhancement. The undersigned notes that the miscarriage of
justice exception permits review of an otherwise procedurally barred claim where the petitioner
makes a showing of actual innocence. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928,
185 L.Ed.2d 1019 (2013)(stating that "actual innocence, if proved, serves as a gateway through
which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of
the statute of limitations.) The Fourth Circuit Court of Appeals, however, has held that the tolling
of the statute of limitations pursuant to *McQuiggin* does not apply to a petitioner's claim that he is
actually innocent of his sentence. *United States v. Jones*, 758 F.3d 579 (4th Cir. 2014); *also see
Montgomery v. United States*, 2017 WL 1156743 (S.D.W.Va. March 28, 2017)(J.
Faber)("*McQuiggin* does not extend to cases in which a movant asserts actual innocence of his
sentence, rather than his crime of conviction"); *Hallman v. United States*, 2013 WL 4647536
(D.S.C. Aug. 29, 2013)(finding that *McQuiggin* did not apply to petitioner's claim that he was
actually innocent of being a career offender under U.S.S.G. § 4B1.1 because "a claim of actual
innocence exists only to overcome procedural default 'where the challenge to eligibility stems

2255(f)(1). Further, there is no indication or allegation that Petitioner is claiming that his Section 2255 Motion would be timely under one of Section 2255(f)'s other subsections. In his Section 2241 Petition, Petitioner acknowledges that a Section 2255 Motion would be untimely. (Document No. 2, p. 5.)

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). In the instant case, Petitioner argues that Section 2255 is inadequate or ineffective because his Section 2255 Motion would be untimely. (Document No. 2, p. 5.) The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291

---

from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.'")

F.3d 257 (4th Cir. 2001), cert. denied , 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va. May 1, 2012)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241.[3] Petitioner does not allege an intervening change in law that establishes his actual

---

[3] In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those

innocence of the underlying *conviction*. Petitioner argues that his prior State court conviction for possession of marijuana with the intent to distribute was improperly used as a predicate offense for the purposes of enhancing his sentence under the Sentencing Guidelines. The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v. Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va.

---

with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines ["U.S.S.G."] were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The record clearly reveals that Petitioner is challenging the enhancement of his sentence under the U.S.S.G.

Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); <u>Moon v. United States</u>, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon <u>Simmons</u>, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 2 and 3) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, at FCI Memphis, P.O. Box 34550, Memphis, TN 38184.

Date: September 29, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

11